Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN SANDER, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PENN CREDIT CORPORATION and JOHN DOES 1-25, | |
| Defendant(s). | |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

IAN SANDER
301 S. Hope Chapel Road
Jackson, New Jersey 08527

PENN CREDIT CORPORATION
2800 Commerce Drive
Harrisburg, Pennsylvania 17110

### PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and

through his attorneys, alleges that the Defendant, PENN CREDIT CORPORATION ("PENN

CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Ocean County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.       PENN CREDIT maintains a location at 2800 Commerce Drive, Harrisburg, Pennsylvania 17110.

8.      PENN CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      PENN CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers for whom Defendant communicated to any person credit information, for a debt owned by First Energy and/or JCP&L, which is known to be false and/or for whom Defendant failed to communicate to any person that a disputed debt was disputed as set forth herein.
>
> The class definition may be subsequently modified or refined.  The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.    These common questions of law and fact include, without limitation:

   i.    Whether the Defendants violated various provisions of the FDCPA;

   ii.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.    Sometime prior to August 21, 2018, Plaintiff allegedly incurred one or more financial obligations ("OBLIGATION or OBLIGATIONS") for which Defendant reported information to one or more national credit reporting agencies.

19.    The OBLIGATIONS arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.    Plaintiff incurred the OBLIGATIONS by obtaining goods and services which were primarily for personal, family and household purposes.

21.    Plaintiff did not incur the OBLIGATIONS for business purposes.

22.   The OBLIGATIONS did not arise out of a transaction that was for business use.

23.   Each OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.   At some time prior to August 21, 2018, the OBLIGATIONS were placed with Defendant for the purpose of collection.

25.   At the time the OBLIGATIONS were placed with Defendant for the purpose of collection, the OBLIGATIONS were past due.

26.   At the time the OBLIGATIONS were placed with Defendant for the purpose of collection, the OBLIGATIONS were in default.

27.   At the time the OBLIGATIONS were referred to PENN CREDIT for the purpose of collection, the OBLIGATIONS were in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28.   Plaintiff caused to be delivered to Defendant a letter dated August 21, 2018, which was addressed to Defendant.  **Exhibit A,** which is fully incorporated herein by reference.

29.   The August 21, 2018 letter was sent to Defendant in connection with the collection of the OBLIGATION.

30.   The August 21, 2018 letter which was sent to the Defendant stated in part:

RE:        Ian Sander
           Creditor: First Energy JCPL
           Alleged Amount Due: $675

Please be advised that I dispute the above debt.

31.   After the date of the dispute, Defendant knew or should have known that the credit information concerning the OBLIGATIONS would be communicated to creditors and other persons.

32.   The credit information communicated to these creditors and other persons did not indicate that the OBLIGATIONS were disputed.

33.   The credit information communicated to these creditors and other persons concerning the OBLIGATIONS was false.

34.   Defendant failed to communicate to any person that the OBLIGATIONS were disputed.

35.   Since August 21, 2018, Defendant has communicated to at least one person, credit information which is known or should be known to be false.

36.   PENN CREDIT knew or should have known that its actions violated the FDCPA.

37.   Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38.   Defendants' failure to report a disputed debt as such violates the FDCPA, by *inter alia*:

    (a)   Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)   Failing to communicate that a disputed debt is disputed; and

    (c)   Using a false representation or deceptive means to collect or attempt to collect a debt.

39.   On information and belief, Defendant engaged in the practices described herein, for at least 50 natural persons within New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

40.  Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41.  Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

42.  Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

43.  By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendant engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

44.  Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

45.  By failing to communicate that a disputed debt was disputed, Defendant made a false representation of the character or legal status of the debt.

46.  By communicating credit information which is known to be false or should be known to be false, Defendant made a false representation of the character or legal status of the debt.

47.  Section 1692e(8) of the FDCPA prohibits a debt collector from communicating to any person credit information which is known to be false or should be known to be false, including the failure to communicate that a disputed debt is disputed.

48.    Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to any person credit information which is known to be false or should be known to be false.

49.    Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

50.    Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

51.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

52.    By failing to communicate that the OBLIGATION was disputed as described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

53.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55.    Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

56.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

57.    Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

58.    Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 9, 2019                           Respectfully submitted,

By:    *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 9, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
